No. 25-10651
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

CARROLL INDEPENDENT SCHOOL DISTRICT,
*Plaintiff-Appellee,*

v.

UNITED STATES DEPARTMENT OF EDUCATION, et al.,
*Defendant-Appellee,*

*and*

A Better Balance,
*[Proposed] Intervenor-Defendant-Appellant,*

*and*

Victim Rights Law Center,
*[Proposed] Intervenor-Defendant-Appellant.*

On Appeal from the United States District Court
for the Northern District of Texas
Case No. 4:24-cv-00461-O / Hon. Reed O'Connor

**RESPONSE TO APPELLANTS A BETTER BALANCE AND VICTIM RIGHTS LAW CENTER'S JOINT MOTION TO RECONSIDER SINGLE-JUDGE ORDER DENYING JOINT MOTION TO HOLD APPEAL IN ABEYANCE**

JONATHAN A. SCRUGGS
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
jscruggs@adflegal.org

MATHEW W. HOFFMANN
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, VA 20176
(571) 707-4655
mhoffmann@adflegal.org

JOHN J. BURSCH
NATALIE D. THOMPSON
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
jbursch@adflegal.org
nthompson@adflegal.org

*Attorneys for Plaintiff-Appellee Carroll Independent School District*

## INTRODUCTION

This is an appeal from the denial of intervention in a case that is already past final judgment. Months ago, the district court entered judgment vacating the Department of Education's 2024 Title IX rule. *See Carroll Indep. Sch. Dist. v. U.S. Dep't of Educ.*, No. 4:24-CV-00461-O, 2025 WL 1782572, at *4 (N.D. Tex. Feb. 19, 2025) (*Carroll ISD*). This appeal is the one thing that prevents finality for that judgment. While it remains pending, schools across the country risk revival of the prior administration's 2024 Title IX Rule, which the district court held has "no basis in reality." *Id.* at *1. Yet Proposed Intervenors now want to stay briefing—indefinitely.

The Court should not do that. Judge Jones correctly denied Proposed Intervenors' initial request for an indefinite abeyance. ECF No. 85-2. The Court should do so again. It should deny the motion for reconsideration, ECF No. 90-1, and allow this case to proceed toward finality.

## BACKGROUND

The underlying lawsuit is an Administrative Procedure Act challenge to the Department of Education's Title IX rule, titled *Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance*, 89 Fed. Reg. 33474 (April 29, 2024) (codified at 34 C.F.R. ch. 106). On February 19, 2025,

1

the district court found the Title IX rule contrary to law and vacated it. *Carroll ISD*, 2025 WL 1782572, at *4. As the district court held, the Rule "undermines the purpose of Title IX, endangers students, and has no basis in reality." ROA.4867 (citation modified).[1]

The Department of Education declined to appeal. Two organizations, A Better Balance (ABB) and Victim Rights Law Center (VRLC), sought intervention to defend some (but not all) aspects of the Rule on appeal. *See* ROA.4883, 4988. A Better Balance criticized vacatur of the Rule as launching a "dangerous attack on vulnerable students" and creating an "immediate detrimental impact on all students." ROA.5466. And VRLC claimed vacatur was "inflicting direct, ongoing injuries." ROA.5006.

The district court denied intervention because ABB and VRLC failed to establish an Article III injury that would give them standing to appeal. *See Carroll Indep. Sch. Dist. v. U.S. Dep't of Educ.*, 2025 WL 1782571, at *6 (N.D. Tex. May 15, 2025).

---

[1] Court after court all the way up to the Supreme Court agreed with the district court here that the Rule at least likely violated Title IX, was unconstitutional, and could not be severed. *See Dep't of Educ. v. Louisiana*, 603 U.S. 866 (2024) (per curiam); *Tennessee v. Cardona*, 762 F. Supp. 3d 615 (E.D. Ky. 2025); *Louisiana v. Dep't of Educ.*, 737 F. Supp. 3d 377 (W.D. La. 2024), *stay denied* No. 24-30399, 2024 WL 3452887, at *2–3 (5th Cir. July 17, 2024) (per curiam); *Tennessee v. Cardona*, 737 F. Supp. 3d 510 (E.D. Ky. 2024), *stay denied* No. 24-5588, 2024 WL 3453880 (6th Cir. July 17, 2024); *Texas v. United States*, 740 F. Supp. 3d 537 (N.D. Tex. 2024); *Kansas v. Dep't of Educ.*, 739 F. Supp. 3d 902 (D. Kan. 2024); *Alabama v. U.S. Dep't of Educ.*, No. 24-12444, 2024 WL 3981994 (11th Cir. Aug. 22, 2024); *Arkansas v. U.S. Dep't of Educ.*, 742 F. Supp. 3d 919 (E.D. Mo. 2024).

The ROA is ready, and the Court has set a briefing schedule. But the appellants want the case stayed until issuance of the mandates in two recent cases, *Deep South Center for Environmental Justice v. United States EPA*, 138 F.4th 310 (5th Cir. 2025), and *United States v. Texas*, No. 24-50149, 2025 WL 1836640 (5th Cir. July 3, 2025). They filed a joint motion to hold the appeal in abeyance, ECF No. 72, which Judge Jones denied, *see* Order, ECF No. 85-2. Now, they have asked for reconsideration by a three-judge panel under Fifth Circuit Rule 27.2.1. ECF No. 90-1.

## ARGUMENT

Because a judge has held the mandate in two recent cases involving organizational standing, Proposed Intervenors do not want to so much as begin briefing their appeal—despite their claims of "immediate" and "ongoing" injury to the "vulnerable students" they purport to help. Proposed Intervenors offer no basis for reconsideration.

If every mandate hold warranted staying cases that involve similar legal issues, the disruption could be significant. It is common practice for this Court to hold the mandate long enough to analyze a panel opinion, and many mandates are released without so much as a revision to the opinion. *E.g.* Order, *Wetherbe v. Nail*, No. 19-11325 (5th Cir. July 16, 2025), ECF No. 87. Indeed, it is only recently that the Court has begun showing mandate holds on the public docket. *See*

3

Order, General Docket No. 2024-02 (5th Cir. Feb. 5, 2024). And until the mandate issues, a judgment is not final anyway, so litigants rely on it at their peril. Holding the mandate does not mean the holding judge intends to request an en banc poll.

Organizational standing may not even be dispositive here. The district court denied intervention because Proposed Intervenors failed to establish standing. But it could have denied intervention for other reasons. Chief among these reasons is that the attempted intervention was not timely. From the outset, Proposed Intervenors were aware of this case (and others) challenging the 2024 Title IX Rule. By the time they moved to intervene, it had been eight months since the Supreme Court rejected the Government's threadbare severability defense and refused to stay preliminary injunctions barring enforcement of the Rule. *See Louisiana*, 603 U.S. at 868. It had been seven months since the Government repeated the same threadbare defense in opposition to final judgment vacating the rule. *Compare* ROA.1754–58, *with* Appl. for a Partial Stay of the Inj. Entered by the U.S. Dist. Ct. for the W.D. of La. 21, *U.S. Dep't of Educ. v. Louisiana*, No. 24A78 (U.S. July 22, 2024). Yet ABB and VRLC made no effort to intervene until well past final judgment, when it was already too late for the district court to take their perspectives into account. Lack of timeliness and prejudice to Carroll ISD are independent grounds to affirm.

Finally, Proposed Intervenors claim (at 7) that the parties agree some delay is necessary while the Court considers en banc review in *Deep South* and *United States v. Texas*. But Carroll ISD does not agree. Counsel did not oppose a 90-day abeyance as a professional courtesy. If there is not to be en banc review, that will likely become apparent within 90 days, and if there is, the panel decision being reheard will promptly be vacated. But if the Court rehears either case en banc, a stay tied to issuance of the mandate in both cases could last for years. That would prejudice Carroll ISD and throw a shadow of uncertainty over every school in the country subject to Title IX.

No matter the disposition of *Deep South* and *Texas*, Proposed Intervenors can argue their best case for reversal and even seek en banc review if the merits panel disagrees. But they should not be allowed to drag the case out for years in hopes that the en banc Court changes organizational standing doctrine in their favor—all while trying to defend a Rule that "has no basis in" Title IX and that the federal government no longer defends or enforces.

## CONCLUSION

The Court should deny Appellants A Better Balance and Victim Rights Law Center's Joint Motion to Reconsider Single-Judge Order Denying Joint Motion to Hold Appeal in Abeyance [ECF 90-1].

Respectfully submitted,

Dated: August 8, 2025.   By: */s/ Natalie D. Thompson*

JONATHAN A. SCRUGGS
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
jscruggs@adflegal.org

MATHEW W. HOFFMANN
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, VA 20176
(571) 707-4655
mhoffmann@adflegal.org

JOHN J. BURSCH
NATALIE D. THOMPSON
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
jbursch@adflegal.org
nthompson@adflegal.org

*Attorneys for Appellee Carroll Independent School District*

# CERTIFICATE OF COMPLIANCE

The undersigned certifies that this response complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1), (2), 32(a)(5) and 32(a)(6). Exclusive of the sections exempted by Fed. R. App. P. 32(f), the response contains 1,238 words, according to the word count feature of the software (Microsoft Word 365) used to prepare the response. The response has been prepared in proportionately spaced typeface using Century Schoolbook 14 point.

Dated: August 8, 2025.

*/s/ Natalie D. Thompson*
Natalie D. Thompson
*Attorney for Appellee Carroll Independent School District*

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2025, I electronically filed the foregoing response with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system, which will accomplish service on counsel for all parties through the Court's electronic filing system.

<u>*/s/ Natalie D. Thompson*</u>
Natalie D. Thompson
*Attorney for Appellee Carroll Independent School District*