No. 25-10651

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

Carroll Independent School District,
Plaintiff-Appellee,

v.

United States Department of Education, et al.,
Defendant-Appellees,
*and*

A Better Balance,
[Proposed] Intervenor-Defendant-Appellant,
*and*

Victim Rights Law Center,
[Proposed] Intervenor-Defendant-Appellant

On Appeal from the United States District Court
for the Northern District of Texas
Case No. 4:24-cv-00461-O
The Honorable Reed O'Connor

**APPELLANTS A BETTER BALANCE AND VICTIM RIGHTS LAW
CENTER'S OPPOSED JOINT RENEWED MOTION
TO HOLD APPEAL IN ABEYANCE**

Appellants Victim Rights Law Center (VRLC) and A Better Balance (ABB) respectfully move to hold this appeal in abeyance pending this Court's ultimate decision in *United States v. Texas*, No. 24-50149 (5th Cir.). This Court will rehear *Texas* en banc, with oral argument tentatively calendared for January 2026. And

that case presents a question directly relevant to—and potentially dispositive of—the resolution of VRLC and ABB's appeal: In light of recent Supreme Court precedent, under what circumstances may an organization establish standing on its own behalf? Judicial economy favors holding this appeal in abeyance until the Court decides *Texas*. VRLC and ABB further request that the Court set the deadline for opening briefs for six weeks after this case is removed from abeyance.

On September 23, 2025, pursuant to Fifth Circuit Local Rule 27.4, VRLC and ABB contacted counsel for all parties to ascertain their positions on this motion. The government defendants responded as follows: "The government does not oppose and does not plan to file an opposition. It reserves the right, however, to seek to remove the case from abeyance in the future, including if the standing issue is not addressed by the en banc court." Plaintiff Carroll ISD responded that it is opposed to any additional stay of the case.

## BACKGROUND

Appellants VRLC, a nonprofit organization that provides legal assistance to student survivors of sex-based harassment, and ABB, a nonprofit legal organization that serves pregnant and postpartum students, moved to intervene as defendants in the proceedings below. VRLC sought to intervene to appeal the district court's vacatur of the 2024 Title IX Rule's provisions that pertain to sex-based harassment (ROA.4988), and ABB moved to intervene to appeal the vacatur

2

of the provisions pertaining to the rights of pregnant and postpartum students (ROA.4883). They moved to intervene after learning that the U.S. Department of Education and its secretary, the defendants in this case, would likely not appeal the district court's final judgment striking down those protections.

The district court held that VRLC and ABB lacked standing and therefore could not intervene to appeal where none of the original parties sought to appeal. *See* ROA.5539; *Carroll Indep. Sch. Dist. v. U.S. Dep't of Educ.*, No. 4:24-CV-00461-O, 2025 WL 1782571, at *6 (N.D. Tex. May 15, 2025). It distinguished the Supreme Court case *Havens Realty Corp. v. Coleman*, which held that a housing-counseling organization had standing where the defendant had "perceptibly impaired [the organization's] ability to provide counseling and referral services for low-and moderate-income homeseekers." ROA.5549; *Carroll Indep. Sch. Dist.*, 2025 WL 1782571, at *5 (citing and quoting *Havens*, 455 U.S. 363, 379 (1982)). It held that "vacatur of the Final Rule has not perceptibly impaired ABB and VRLC's ability to carry out their respective missions." ROA.5550; *Carroll Indep. Sch. Dist.*, 2025 WL 1782571, at *6. VRLC and ABB noticed appeals on May 21, 2025. ROA.5555, 5558.[1]

---

[1] Jane Doe, a proposed intervenor-defendant below whom the district court also held lacked standing, also noticed an appeal. ROA.5555. Since then, however, her claims have become moot, and she will not be participating further in this appeal or the litigation below.

On the same day that VRLC and ABB noticed their appeals, May 21, a panel of this Court issued a decision altering the legal standard governing organizational standing in the Fifth Circuit. In *Deep South Center for Environmental Justice v. U.S. Environmental Protection Agency*, the panel held that an organization did not have standing to sue because "the Supreme Court has limited *Havens* to its facts." 138 F.4th 310, 319 (5th Cir. 2025). The *Deep South* panel based its conclusion on an observation in a recent Supreme Court decision that "'*Havens* was an unusual case, and this Court has been careful not to extend the *Havens* holding beyond its context.'" *Id.* (quoting *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 370 (2024)). *Cf. OCA-Greater Houston v. Texas*, 867 F.3d 604, 610-12 (5th Cir. 2017) (holding that voting-rights organization had standing to challenge a law restricting English-limited voters' use of interpreters at the polls; citing *Havens*, 455 U.S. at 379).

On June 13, this Court issued an order in *Deep South* stating: "A judge of this Court withholds issuance of the mandate in this appeal." Order, No. 24-60084, ECF No. 156 at 1 (5th Cir. June 13, 2025).

Then, on July 3, in *United States v. Texas*, another panel of this Court issued a 2-1 decision holding that an organization had standing because the law it challenged would "directly affect its ability to provide legal services." *United States v. Texas*, No. 24-50149, 2025 WL 1836640, at *3 (5th Cir. July 3, 2025).

4

Thus, the panel majority reasoned, the harms imposed on its operations were "at least as impactful as those the Supreme Court held to have established injury to an organization in *Havens*" and were in line with the types of harms the Supreme Court in *Alliance for Hippocratic Medicine* held gave rise to organizational standing. *Id.* at *7. The dissent argued that the majority was "overrul[ing]" *Deep South*. *Id.* at *46 (Oldham, J., dissenting).

On July 7, this Court issued an order in *Texas* stating: "A judge of this Court withholds issuance of the mandate in this appeal." Order, No. 24-50149, ECF No. 284 at 1 (5th Cir. July 7, 2025). On July 15, this Court granted the *Texas* Appellants' request for an extension of time in which to file their petition for rehearing en banc, making that petition due July 31. Order, No. 24-50149, ECF No. 304 at 1 (5th Cir. July 15, 2025). They timely filed their petition. No. 24-50149, ECF No. 306.

Meanwhile, in light of these developments, on July 23 VRLC and ABB moved to hold this appeal in abeyance (Docket No. 72) pending this Court's issuance of the mandates in *Deep South* and *Texas*. VRLC and ABB further requested that the Court set the deadline for opening briefs six weeks after this case is removed from abeyance. A single judge of this Court denied VRLC's and ABB's motion two days later (Docket No. 85-2). After VRLC and ABB sought

5

reconsideration by a three-judge panel (Docket No. 90-1), on August 19 this Court partially granted VRLC's and ABB's motion (Docket No. 111-2) as follows:

> IT IS ORDERED that the motion is GRANTED in part: the appeal is stayed in abeyance until November 10, 2025. The briefs will be due as follows: the Appellant's Brief is due December 15, 2025, the Appellees' Brief is due thirty-five days after the Appellant's Brief is filed, and any Reply Brief is due within twenty-one days after the Appellees' Brief is filed.

Since this Court ruled on VRLC's and ABB's motion for reconsideration, there have been significant further developments. On August 29, this Court granted the petition for rehearing en banc in *Texas*. Order, No. 24-50149, ECF No. 332-1 at 2 (5th Cir. Aug. 29, 2025). As of this filing, *Texas* is tentatively calendared for en banc oral argument the week of January 19, 2026. Order, No. 24-50149 (5th Cir. Sep. 12, 2025). The mandate in *Deep South* remains withheld. Order, No. 24-60084, ECF No. 156 at 1 (5th Cir. June 13, 2025).

## ARGUMENT

Judicial economy counsels in favor of holding this case in abeyance pending the issuance of this Court's decision in *Texas*. The organizational standing issue in *Texas* is the same issue the district court found dispositive in this matter, and it will thus be central to this appeal. If VRLC and ABB submit their opening briefs before their current December 15 deadline—just one month before this Court rehears *Texas*—their discussion of the central standing issue will soon become outdated. The same would hold for the other parties' responsive briefs, due the same day as

the *Texas* argument. The inevitable result would be that the parties would need to re-brief standing after this Court issues the *Texas* decision, an outcome that would hardly serve judicial economy. By contrast, holding this case in abeyance pending the *Texas* decision would enable the parties' briefs to apply the correct legal standard from the start.

Abeyance here would be consistent with this Court's past practice. It has previously placed cases "in abeyance pending the issuance of a new en banc opinion" in another matter. *United States v. Wallace*, 964 F.3d 386, 387 (5th Cir. 2020); *see Thomas v. Univ. of Houston*, 155 F. App'x 115, 117 (5th Cir. 2005) (stating that "[w]e held this case in abeyance pending our en banc opinions" in other matters); *see also Gaona-Romero v. Gonzales*, 207 F. App'x 386, 389 (5th Cir. 2006) (placing cases in abeyance pending disposition of a petition for rehearing en banc in another matter). This Court has also held, more generally, that when there is "uncertainty" around the legal context of an appeal, the appeal may be held in abeyance pending resolution of that uncertainty. *Smith v. U.S. Dep't of the Treasury*, No. 25-40071, 2025 WL 1824826, at *1 (5th Cir. May 20, 2025).

## CONCLUSION

For the foregoing reasons, VRLC and ABB respectfully renew their request that the Court: (1) place this appeal in abeyance until this Court issues its decision

in *Texas* and (2) set the deadline for opening briefs six weeks after this case is removed from abeyance.

                                                                                                      Respectfully submitted,

| | |
|---|---|
| s/ Alexandra Z. Brodsky | s/ Elizabeth E. Theran |
| Alexandra Z. Brodsky | Shiwali Patel |
| Public Justice | Rachel Smith |
| 1620 L Street NW | Elizabeth E. Theran |
| Suite 630 | National Women's Law Center |
| Washington, DC 20036 | 1350 I Street NW, Suite 700 |
| Telephone: (202) 797-8600 | Washington, DC 20005 |
| abrodsky@publicjustice.net | Telephone: (202) 588-5180 |
| | spatel@nwlc.org |
| Matthew Borden | rsmith@nwlc.org |
| BraunHagey & Borden, L.L.P. | etheran@nwlc.org |
| 747 Front Street | |
| 4th Floor | Ellen Eardley |
| San Francisco, CA 94111 | Andrea Forsee |
| Telephone: (415) 599-0210 | Mehri & Skalet PLLC |
| borden@braunhagey.com | 2000 K Street NW, Suite 325 |
| | Washington, DC 20006 |
| Marissa Benavides | Telephone: (202) 822-5100 |
| BraunHagey & Borden, L.L.P. | eeardley@findjustice.com |
| 118 W. 22nd Street | aforsee@findjustice.com |
| New York, NY 10011 | |
| (646) 829-9403 | *Attorneys for [Proposed] Intervenor-Defendant-Appellant VRLC* |
| benavides@braunhagey.com | |
| | |
| *Attorneys for [Proposed] Intervenor-Defendant-Appellant ABB* | |

# CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,541 words.

This motion complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) and 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 in Times New Roman 14 point.

                                        s/ Elizabeth E. Theran
                                        Elizabeth E. Theran
                                        National Women's Law Center
                                        1350 I Street NW, Suite 700
                                        Washington, DC 20005
                                        Telephone: (202) 588-5180
                                        etheran@nwlc.org

Dated: September 24, 2025

# CERTIFICATE OF SERVICE

I certify that on this 24th day of September, 2025, I electronically filed the foregoing motion in PDF format with the Clerk of Court via the appellate CM/ECF system. I certify that all counsel of record are registered CM/ECF users, and service will be accomplished via the appellate CM/ECF system.

s/ Elizabeth E. Theran
Elizabeth E. Theran
National Women's Law Center
1350 I Street NW, Suite 700
Washington, DC 20005
Telephone: (202) 588-5180
etheran@nwlc.org
