No. 25-10651
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

CARROLL INDEPENDENT SCHOOL DISTRICT,

*Plaintiff-Appellee,*

v.

UNITED STATES DEPARTMENT OF EDUCATION, et al.,

*Defendant-Appellee,*

*and*

A Better Balance,

*[Proposed] Intervenor-Defendant-Appellant,*

*and*

Victim Rights Law Center,

*[Proposed] Intervenor-Defendant-Appellant.*

On Appeal from the United States District Court
for the Northern District of Texas
Case No. 4:24-cv-00461-O / Hon. Reed O'Connor

**RESPONSE TO APPELLANTS A BETTER BALANCE AND
VICTIM RIGHTS LAW CENTER'S JOINT RENEWED MOTION
TO HOLD APPEAL IN ABEYANCE**

JONATHAN A. SCRUGGS
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
jscruggs@adflegal.org

MATHEW W. HOFFMANN
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, VA 20176
(571) 707-4655
mhoffmann@adflegal.org

JOHN J. BURSCH
NATALIE D. THOMPSON
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
jbursch@adflegal.org
nthompson@adflegal.org

*Attorneys for Plaintiff-Appellee Carroll Independent School District*

**INTRODUCTION**

This Court already rejected Proposed Intervenors' request for an indefinite abeyance pending the resolution of *United States v. Texas*, No. 24-50149. Nothing material has changed. Yet they now renew the same request. Both Proposed Intervenors and this Court understood that *Texas* could go en banc. The Court still rightly denied the request for an indefinite stay. *See* ECF 111-2.

The Court should now reaffirm its prior ruling and deny Proposed Intervenors' renewed motion. Proposed Intervenors haven't met their burden to show good cause for a stay. Judicial economy doesn't favor an indefinite stay because standard procedures already provide a mechanism for parties to raise supplemental authorities, and the Court could order supplemental briefing as necessary. An indefinite stay would also prejudice Carroll ISD by prolonging this appeal—potentially for years—as Proposed Intervenors try to resurrect a nationwide rule that the district court recognized has "no basis in reality." This Court should reaffirm its prior ruling, deny the successive motion, and retain the existing briefing schedule.

**BACKGROUND**

The underlying lawsuit is an Administrative Procedure Act challenge to the Department of Education's Title IX Rule, titled *Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance*, 89 Fed. Reg. 33474

(April 29, 2024) (codified at 34 C.F.R. ch. 106). Over seven months ago, the district court held the Title IX Rule contrary to law and vacated it. *Carroll Indep. Sch. Dist. v. U.S. Dep't of Educ.*, No. 4:24-CV-00461-O, 2025 WL 1782572, at *4 (N.D. Tex. Feb. 19, 2025) (*Carroll ISD*). As the district court determined, the Rule "undermines the purpose of Title IX, endangers students, and has no basis in reality." ROA.4867 (citation modified).[1]

The Department of Education declined to appeal. Two organizations, A Better Balance (ABB) and Victim Rights Law Center (VRLC), sought intervention to defend some (but not all) aspects of the Rule on appeal. *See* ROA.4883, 4988. A Better Balance criticized vacatur of the Rule as launching a "dangerous attack on vulnerable students" and creating an "immediate detrimental impact on all students." ROA.5466. And VRLC claimed vacatur was "inflicting direct, ongoing injuries." ROA.5006.

---

[1] Court after court, all the way up to the Supreme Court, agreed that the Rule was likely unlawful and could not be severed. *See Dep't of Educ. v. Louisiana*, 603 U.S. 866 (2024) (per curiam); *Louisiana v. Dep't of Educ.*, 737 F. Supp. 3d 377 (W.D. La. 2024), *stay denied* No. 24-30399, 2024 WL 3452887, at *2–3 (5th Cir. July 17, 2024) (per curiam); *Tennessee v. Cardona*, 737 F. Supp. 3d 510 (E.D. Ky. 2024), *stay denied* No. 24-5588, 2024 WL 3453880 (6th Cir. July 17, 2024); *Texas v. United States*, 740 F. Supp. 3d 537 (N.D. Tex. 2024); *Kansas v. U.S. Dep't of Educ.*, 739 F. Supp. 3d 902 (D. Kan. 2024); *Alabama v. U.S. Dep't of Educ.*, No. 24-12444, 2024 WL 3981994 (11th Cir. Aug. 22, 2024); *Arkansas v. U.S. Dep't of Educ.*, 742 F. Supp. 3d 919 (E.D. Mo. 2024). Another district court also vacated the rule, and the Proposed Intervenors' efforts to appeal that ruling also remain pending. *See Tennessee v. Cardona*, 762 F. Supp. 3d 615 (E.D. Ky. 2025).

2

The district court denied intervention because ABB and VRLC failed to establish an Article III injury that would give them standing to appeal. *See Carroll Indep. Sch. Dist. v. U.S. Dep't of Educ.*, 2025 WL 1782571, at *6 (N.D. Tex. May 15, 2025).

The ROA was ready, and this Court had set a briefing schedule when Proposed Intervenors first sought an indefinite stay. Proposed Intervenors' opening brief was due August 25, 2025. ECF 68. Instead of preparing their brief, they asked the Court to stay the case until the issuance of the mandates in two cases, *Deep South Center for Environmental Justice v. United States EPA*, 138 F.4th 310 (5th Cir. 2025), and *United States v. Texas*, No. 24-50149. *See* ECF 72. They argued a stay was needed because "there is significant uncertainty about the status of organizational standing law in this circuit." ECF 72 at 6. As Proposed Intervenors put it, "the *Texas* dissent's characterization of *Texas* as 'overrul[ing]' *Deep South* … underscore[s] the lack of clarity around the standard those cases may ultimately announce for organizational standing." ECF 72 at 7 (citing *United States v. Texas*, 144 F.4th 632, 697 (5th Cir. 2025), *reh'g en banc granted, opinion vacated*, No. 24-50149, 2025 WL 2493531 (5th Cir. Aug. 29, 2025)) (Oldham, J., dissenting). Carroll ISD opposed the motion but agreed to a 90-day extension of the briefing deadlines as a professional courtesy. *See* ECF 91.

Judge Jones denied the motion, ECF 85-2, and then Proposed Intervenors sought reconsideration by a three-judge panel, ECF 90-1. The motions panel again denied Proposed Intervenors' request to tie a stay of this appeal to the *Deep South* and *Texas* mandates. ECF 111-2. Instead, it granted nearly a 90-day abeyance and set Proposed Intervenors' briefing deadline to December 15, 2025. *Id.* Proposed Intervenors have now filed a successive motion seeking an indefinite stay tied to issuance of the mandate in *United States v. Texas*, No. 24-50149. *See* ECF 117.

## ARGUMENT

Because this Court will hear *Texas* en banc, Proposed Intervenors do not want to begin briefing their appeal. Proposed Intervenors haven't shown "good cause" for this Court to override its previous ruling and grant an indefinite abeyance of this appeal. *See* Fed. R. App. P. 26(b). Judicial economy doesn't favor Proposed Intervenors, and an indefinite stay would prejudice Carroll ISD. The Court has already granted Proposed Intervenors a stay and extended their opening brief's deadline to December 15, 2025. ECF 111-2. That schedule should stand.

Judicial economy doesn't favor an indefinite stay. *Contra* ECF 117 at 6. The Court's decision to hear *Texas* en banc has reduced the "uncertainty" Proposed Intervenors complain about. ECF 117 at 7. This Court vacated the *Texas* panel opinion. *See United States v. Texas*, 150

4

F.4th 656, 657 (5th Cir. 2025) (per curiam). And nothing has changed for *Deep South*. Proposed Intervenors can brief this case like any other—discussing the law that applies. There are many issues in *United States v. Texas*—not just the question of injury-in-fact for organizational standing after *FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367 (2024). The en banc Court may not address that issue at all.

But even assuming it does, the Federal Rules of Appellate Procedure already provide the mechanism to raise "pertinent and significant authorities" that "come to a party's attention after the party's brief has been filed—or after oral argument but before decision." Fed. R. App. P. 28(j). Far from "inevitabl[y] … need[ing] to re-brief standing," as Proposed Intervenors say, ECF 117 at 7, the parties can submit 28(j) letters or discuss relevant change in law at oral argument. Further briefing would be at this Court's discretion. 5th Cir. R. 28.4; *see, e.g.*, *DSC Commc'ns Corp. v. Next Level Commc'ns*, 107 F.3d 322, 326 & n.2 (5th Cir. 1997) (discussing "supplemental brief" filed "after oral argument" to discuss "an intervening change in law").

What's more, organizational standing may not even be dispositive here. As Carroll ISD has explained, ECF 91 at 4–5, the district court could have denied intervention for numerous other reasons, particularly because the attempted intervention was untimely. Proposed Intervenors made no effort to intervene until well past final judgment, when it was

already too late for the district court to take their perspectives into account, and that lack of timeliness prejudiced Carroll ISD.

Now, as before, an indefinite stay would prejudice Carroll ISD. Courts often factor in prejudice when making good-cause determinations. *See, e.g.*, *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015). As Proposed Intervenors concede, the *Texas* en banc argument—at earliest—won't happen until next year. ECF 117 at 6. Even after argument, en banc decisions take many months. This Court recently released an en banc decision "more than eighteen months" after the en banc argument. *Env't Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*, 123 F.4th 309, 310–11 (5th Cir. 2024) (en banc) (per curiam).

Proposed Intervenors don't even want to *begin* briefing until *after* the mandate in a case that has not yet been set for oral argument— despite their claims of "immediate" and "ongoing" injury to "vulnerable students." If anything, the law of the circuit is now worse for Proposed Intervenors' position. *Deep South* reads *Alliance for Hippocratic Medicine* to limit organizational standing under *Havens*. *See Deep S.*, 138 F.4th at 319. In *United States v. Texas*, the dissent criticized the majority for "overrul[ing]" that "circuit precedent." 144 F.4th at 697–98 (Oldham, J.). With vacatur of the panel opinion in *United States v. Texas*, that tension is relieved in favor of the decision below. All this suggests that delay is what Proposed Intervenors really want.

And "[j]ustice delayed is justice denied." *Env't Tex.*, 123 F.4th at 311. That's especially true here. As the district court held, the Rule "has no basis in reality" and "endangers students." *Carroll ISD*, 2025 WL 1782572, at *1 (citation modified). Proposed Intervenors seek to resurrect that Rule. Until the vacatur is final, the 2024 Rule can still be revived—even years into the future. That is what happened when, for example, the APA challenge to the first Trump administration's HHS regulations was stayed at the beginning of the Biden administration. *See, e.g.*, *Walker v. Kennedy*, No. 20-CV-2834, 2025 WL 1871070, at *1–4 (E.D.N.Y. July 8, 2025) (holding APA challenge to 2020 regulation was not mooted by superseding 2024 regulation because HHS had been preliminarily "enjoined … from enforcing" it). That possibility threatens "an 'endless loop' of financially onerous regulatory activity by thwarting finality." *Lewis v. United States*, 88 F.4th 1073, 1079 (5th Cir. 2023).

And if the 2024 Rule were revived late in this presidential administration, it would be virtually impossible to see relief from its harmful provisions through new rulemaking. Historically, it has taken the Department of Education nearly a full presidential term to promulgate Title IX regulations. *Compare* 85 Fed. Reg. 30026 (May 19, 2020) (first Trump Administration), *with* 89 Fed. Reg. 33474 (April 29, 2024) (Biden Administration).

Proposed Intervenors' request would delay a decision in this case for at least several more months, and probably for a year or more. They

7

should not be permitted further delay. Carroll ISD and the rest of the nation's schools need finality.

## CONCLUSION

The Court should reaffirm its prior ruling, deny Proposed Intervenors' successive motion, and retain the existing briefing schedule.

Respectfully submitted,

Dated: October 6, 2025.

By:*/s/ Mathew W. Hoffmann*

JONATHAN A. SCRUGGS
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
jscruggs@adflegal.org

MATHEW W. HOFFMANN
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, VA 20176
(571) 707-4655
mhoffmann@adflegal.org

JOHN J. BURSCH
NATALIE D. THOMPSON
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
jbursch@adflegal.org
nthompson@adflegal.org

*Attorneys for Appellee Carroll Independent School District*

# CERTIFICATE OF COMPLIANCE

The undersigned certifies that this response complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1), (2), 32(a)(5) and 32(a)(6). Exclusive of the sections exempted by Fed. R. App. P. 32(f), the response contains 1,749 words, according to the word count feature of the software (Microsoft Word 365) used to prepare the response. The response has been prepared in proportionately spaced typeface using Century Schoolbook 14 point.

Dated: October 6, 2025.

*/s/ Mathew W. Hoffmann*
Mathew W. Hoffmann
*Attorney for Appellee Carroll Independent School District*

# CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2025, I electronically filed the foregoing response with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system, which will accomplish service on counsel for all parties through the Court's electronic filing system.

*/s/ Mathew W. Hoffmann*
Mathew W. Hoffmann
*Attorney for Appellee Carroll Independent School District*
