

**U.S. Department of Justice**
Civil Division

Tel: (202) 305-8648

April 28, 2026

Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

RE:     *Carroll Indep. Sch. Dist. v. U.S. Dep't of Ed.*, No. 25-10651

Dear Mr. Cayce:

The government respectfully writes pursuant to Rule 28(j) concerning this Court's recent decision in *United States v. Texas*, --- F.4th ----, 2026 WL 1122127 (5th Cir. Apr. 24, 2026) (en banc), which decisively rejects the principal theories of Article III standing upon which the putative intervenors rely here.

In *Texas*, nonprofit organizations challenged a Texas statute that "amends the Texas Penal Code to include two state offenses that track federal immigration crimes prohibiting unlawful entry and reentry." 2026 WL 1122127, at *2. The nonprofit organizations, which "provide legal services to aliens," contended that the Texas law would "frustrate their missions" and require them to "divert resources away from those they currently serve." *Id.* at *3 (alterations omitted).

Sitting en banc, this Court found that the organizations lacked Article III standing. As it explained, the organizations' argument that they "voluntarily incurred costs to advocate for clients … falls far short of conferring standing." *Texas*, 2026 WL 1122127, at *1. The Court explained that the Supreme Court's decision in *FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367 (2024), rejected standing premised on the voluntary diversion of resources, *Texas*, 2026 WL 1122127, at *3, and that the mere fact that the organizations were "ideologically opposed" to the challenged statute "does not demonstrate standing either," *id.* at *4.

The Court further rejected the organizations' "scheme to invent Article III standing based on their 'core activities' of providing ordinary legal representation." *Texas*, 2026 WL 1122127, at *4.  As the Court summarized its holding, a "legal-services organization cannot have Article III standing merely because a new law or regulation requires it to understand the legal change, to adjust resources in response, or to increase the degree or scope of legal representation for its current or prospective clients who may be adversely affected."  *Id.* at *5.

The standing theories advanced by the nonprofit organizations in *Texas* are functionally indistinguishable from the principal standing theories advanced by the putative intervenors here, and *Texas* thus confirms that the putative intervenors lack Article III standing.

Sincerely,

/s/ *Steven A. Myers*
Steven A. Myers

cc: all counsel (by ECF)